## No. 2907.

### A. TORRE & CO. *v.* THIELE, SEILER & CO.

The sale by an agent after the owner had sold the property conferred no title. The power to sell was impliedly revoked by the owner's sale. In this case no damage is shown to have been done to the plaintiffs. They had not paid for the price, and within an hour or two after the agreement to sell to them, they were informed that the property had been previously sold by the owner and for less than they had agreed to give.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Roselius & Philips*, for plaintiffs and appellees. *T. Gilmore & Sons*, for defendants and appellants.

LUDELING, C. J. This suit was originally instituted to enforce the specific performance of the following contract of sale :

"Sold to A. Torre & Co. cargo of fruit per schooner Village Belle from Utilla, about 2000 cocoanuts, 750 bunches bananas and 8800 plantains, for the round sum of two thousand dollars currency, cash. New Orleans, twenty-sixth of April, 1867."

An order of sequestration issued and was set aside by defendants bonding the fruits, whereupon the plaintiffs filed an amended petition asking for damages instead of a specific performance of the contract.

The evidence satisfies us that the above sale was made by an agent after the fruits had been sold to Tramontana by Seiler himself. Clearly the sale by the agent, after the owner had sold the fruits conferred no title. The power to sell was implieldy revoked by the sale made by the owner. Story on Agency, section 500. Nor is there any damage

shown to have been done to the plaintiff. He had not paid the price, and within an hour or two after the agreement to sell to him, he was informed that the fruits had been previously sold by the owner, and for less than he had agreed to give. The judgment in favor of the plaintiff is therefore erroneous.

It is ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the defendants, rejecting the plaintiffs' demand with costs of both courts.